

**SO ORDERED.**

**SIGNED this 03 day of February, 2009.**

_____
**A. Thomas Small**
**United States Bankruptcy Judge**

_____

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**RALEIGH DIVISION**

IN RE:                                              CASE NO.

**BETTY DAVIS PARKER**                           **08-04126-8-ATS**

       **DEBTOR**

**ORDER DENYING MOTION TO DISMISS AND**
**MOTION TO EXTEND TIME TO OBJECT TO DISCHARGE**

The matters before the court are the bankruptcy administrator's motion to dismiss for abuse

and motion to extend time to object to discharge.  A hearing on the motion to dismiss took place in

Raleigh, North Carolina on January 27, 2009.   A telephonic hearing on the motion to extend time

was held on November 10, 2008, and the court reserved its ruling until after the hearing on the

motion to dismiss.

Betty Davis Parker filed a petition for relief under chapter 7 of the Bankruptcy Code on June

20, 2008.  On August 20, 2008, the bankruptcy administrator filed a motion to dismiss pursuant to

11 U.S.C. § 707(b), or in the alternative, pursuant to § 707(a).  On July 9, 2008, the case was

selected for random audit, and on July 25, 2008, the bankruptcy administrator requested the court

to issue a statement of presumed abuse.  As stated, the bankruptcy administrator's motion to dismiss

for abuse was filed on August 20, 2008.  The auditor's report was filed on September 21, 2008.  The

deadline for filing objections to the debtor's discharge was September 15, 2008.  On October 17, 2008, the bankruptcy administrator filed a motion to extend time to object to discharge, based on the auditor's report.

Ms. Parker has been employed as a real estate agent for 10 years.  Her non-filing husband is an employee of Time Warner Cable.  At the time of the filing, the Parkers were the temporary legal guardians of two children ages 8 and 11, and they also have a 13-year-old daughter.  Ms. Parker's Schedule I shows estimated income of $2,500 per month for herself, and $11,418.75 for her non-filing spouse.  After taking the deductions from Mr. Parker's payroll, the combined monthly income on Schedule I is $9,500.82.  Ms. Parker's Statement of Financial Affairs showed her income for 2006 of $94,529.85 and for 2007 of $75,962.  The "means test" calculation on Form B22 shows annualized "current monthly income" for the Parkers of $172,370.40, which exceeds the state median income for a family of five.

Ms. Parker's Statement of Financial Affairs shows that the Parkers sold their residence on May 1, 2007, for a net gain of $58,000.  The Parkers purchased their present home in June 2007 for $600,000, and the Parkers' mortgage payment is $3,513.08 per month.  The scheduled value of the property is $625,000, and the property is encumbered by deeds of trust in the total amount of $569,083.22.

Ms. Parker's Schedule J shows monthly expenses of $1,500 for food, $350 for medical and dental, $400 for transportation, $600 for income taxes, $200 for business expenses, $200 miscellaneous, as well as $600 for Mr. Parker's credit card and $516 and $622 for two vehicles owned by Mr. Parker (these expenses are included in the "marital deduction" taken on Ms. Parker's Form B22).

The bankruptcy administrator contends that Ms. Parker understated her income and her husband's income, overstated her expenses, used funds from the sale of her house that could have been used to pay creditors to buy another, more expensive home, and drives luxury vehicles while seeking to discharge her unsecured debt.  The bankruptcy administrator maintains that these facts establish two bases for dismissal: first, under 11 U.S.C. § 707(a) the case should be dismissed for cause including bad faith and a lack of candor, and second, under § 707(b), for abuse.

Under § 707(a) of the Bankruptcy Code, the court may dismiss a case after notice and a hearing only for "cause."  Lack of good faith can constitute cause for dismissal under § 707(a).  In re Zick, 931 F.2d 1124, 1126-27 (6th Cir. 1991).   Courts apply a totality of the circumstances approach to determine whether to dismiss a case under § 707(a), including the following factors:

1. The debtor reduces creditors to a single creditor in the months prior to the filing of the petition;
2. The debtor failed to make lifestyle adjustments or continued living an expansive or lavish lifestyle;
3. Debtor filed the case in response to a Judgment pending litigation . . . ;
4. The debtor made no efforts to repay his debts;
5. The unfairness of the use of Chapter 7;
6. The debtor has sufficient resources to pay his debts;
7. The debtor is paying debts to insiders;
8. The schedules inflate expenses to disguise financial well-being;
9. The debtor transferred assets;
10. The debtor's overly utilizing the protections of the Code to the unconscionable detriment of creditors;
11. The debtor employed a deliberate and persistent plan of evading a single major creditor;
12. The debtor failed to make candid and full disclosure;
13. The debts are modest in relation to assets and income; and
14. There are multiple bankruptcies or other procedural "gymnastics."

In re O'Brien, 328 B.R. 669, 675 (Bankr. W.D.N.Y. 2005) (quoting In re Keobapha, 279 B.R. 49, 52 (Bankr. D. Conn. 2002)).

3

Under § 707(b), the court may, after notice and a hearing, dismiss a case filed by an individual debtor under chapter 7 whose debts are primarily consumer debts if it finds that the granting of relief would be an abuse of the provisions of chapter 7.  Prior to the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. 109-8, 119 Stat. 23, § 907 (April 20, 2005) ("BAPCPA"), § 707(b) provided for dismissal of chapter 7 cases if the filing was a "substantial abuse."  The test for substantial abuse in the Fourth Circuit is the "totality of the circumstances" as set forth in In re Green, 934 F.2d 568, 572 (4th Cir. 1991).  The factors include:

> (1) Whether the bankruptcy petition was filed because of sudden illness, calamity, disability, or unemployment;
> (2) Whether the debtor incurred cash advances and made consumer purchases far in excess of his ability to repay;
> (3) Whether the debtor's proposed family budget is excessive or unreasonable;
> (4) Whether the debtor's schedules and statement of current income and expenses reasonably and accurately reflect the true financial condition; and
> (5) Whether the petition was filed in good faith.

934 F.3d at 572.  This court has continued to apply the "totality of the circumstances" test to assess whether a case constitutes abuse since the passage of BAPCPA.  See In re Tucker, Case No. 06-02126-5-ATS (Bankr. E.D.N.C. July 3, 2007).

The bankruptcy administrator relies upon the auditor's finding of a material misstatement of income, as well as the fact that Mr. Parker's actual income for 2008 was $161,000, as opposed to the $137,000 that was projected in Schedule I.  Because the auditor was not available to testify, the court does not know on what basis the auditor found a misstatement of income, or how the auditor determined what income ought to have appeared on Schedule I.  The Parkers both testified that the income listed on Schedule I was an estimate of what they expected to earn in 2008.  Both of the Parkers work on commission, and both have unpredictable incomes.  Ms. Parker in fact made substantially less than she projected on Schedule I, while Mr. Parker, who is not a debtor, made

4

substantially more.  Mr. Parker anticipates that in 2009 he will be fortunate to make one-half of his income from 2008 due to the downturn in the economy and the decrease in new construction.

Ms. Parker testified that in the past, she had been very successful as a listing agent for newly constructed subdivisions.  When she contracted to purchase her new home, she was about to begin work in a new subdivision, and she expected to have significant commissions from that work.  Instead, the real estate market began its rapid decline, and the subdivision for which Ms. Parker was responsible from September 2007 through May 2008 had no sales.  Ms. Parker's income for 2008 was only $20,400, with business expenses of $11,000.  Ms. Parker testified that it is common in her industry for real estate agents to use credit cards to cover expenses during the down times, with the expectation that a few sales will generate sufficient income to pay those debts.  Ms. Parker has had the credit card accounts listed on her schedules for many years.  Ms. Parker also testified that she turned in her leased Lexus and she and Mr. Parker now have only two vehicles.  The Parkers have also tried to sell their new house, but they have had only four showings in 120 days, with no second showings.

The totality of the circumstances in this case do not support dismissal either for cause or for abuse.  The evidence before the court does not support the allegation that the schedules are misleading or inaccurate.  Schedule I gave estimates for both Mr. and Ms. Parker's income, and while Mr. Parker's turned out to be higher, Ms. Parker's was actually lower.  Compared to the IRS allowances for a family of the Parkers' size, the listed expenses are not unreasonable.  While the Parkers no longer have custody of the two children for whom they were temporary guardians, they did have those children on the petition date, and the scheduled expenses are reasonable for a family of five.  There is no evidence of excessive spending beyond the debtor's ability to pay based on her

previous ability to service her debt.  Both of the Parkers' testimony was credible, and the court does

not find that the petition was filed in bad faith or that the filing is an abuse of chapter 7.

Having determined that the case will not be dismissed under § 707, the court now turns to

whether it may extend the time to object to the debtor's discharge.  The deadline for filing an

objection to discharge expired on September 15, 2008.  The auditor's report on which the bankruptcy

administrator bases her potential objection to discharge was not filed until after that date, and the

bankruptcy administrator filed her motion to extend time to object to discharge on October 17, 2008.

Federal Rule of Bankruptcy Procedure 4004(b) provides that a motion to extend time to object to

discharge must be filed before the time has expired.  Citing Rules 4004(b) and 9006(b)(3), courts

have held that there is no discretion to enlarge the time if the motion is filed after the bar date.  See

In re MacKay, 324 B.R. 566, 569 (Bankr. M.D. Pa. 2005); In re DiLoreto, 277 B.R. 607, 610

(Bankr. E.D. Pa. 2000).

Some courts have observed that where the objecting party is the United States trustee (or the

bankruptcy administrator in North Carolina), the court might be more generous in allowing a motion

to extend time to object to discharge than where a creditor seeks an extension.  See, e.g., In re

Chamness, 312 B.R. 421 (Bankr. D. Colo. 2004); In re Phouminh, 2004 WL 1637036 (Bankr. D.

Colo. 2004). Those courts recognize that the United States trustee is not a creditor, is not

economically affected, has regulatory and administrative responsibilities in each case, and does not

have a pre-existing, prepetition relationship with the debtor that would otherwise enable a creditor

to act more quickly with respect to protecting its rights to object to discharge.  However, those

courts addressed and allowed motions to extend time only where the United States trustee filed the

motion to extend prior to the bar date.

BAPCPA dramatically increased the number of cases subjected to audit, but the Federal Rules of Bankruptcy Procedure were not amended to allow for a late motion to extend time to object to discharge where an auditor's report is filed after the expiration of the time to file a complaint objecting to discharge.  Instead, the Bankruptcy Code acknowledges that there may be a timing issue by specifically providing for revocation of discharge based on a failure to satisfactorily explain a material misstatement in an audit or a failure to fully comply with an audit.  11 U.S.C. § 727(d)(4). Because the bankruptcy administrator has this remedy available, and because there is no discretion for the court to extend the time to object to discharge when the motion is filed after the bar date, the bankruptcy administrator's motion to extend time to object to discharge will be denied.

Based on the foregoing, the bankruptcy administrator's motions to dismiss and to extend time to object to discharge are **DENIED**.

**SO ORDERED**.

## END OF DOCUMENT